## Slye v. Wayne Township School Directors

484

*Walter L. Peake*, for petitioner.
*Bryan & Evans*, for respondents.

HIRT, P. J., November 16, 1937.—This is a proceeding by mandamus to compel the defendants, the board of school directors, to execute and deliver to plaintiff a contract of employment to teach in one of the public schools of Wayne Township for the school year 1937-38, before us, by agreement of counsel, for trial without a jury.

The action involves a construction of the Teachers' Tenure Act of April 6, 1937, P. L. 213, amending the School Code of May 18, 1911, P. L. 309, as applied to the following facts as to which there is little dispute.

Plaintiff has taught in a school in Wayne Township for a number of years. Her last written contract with the school board was for the year 1933-34. Thereafter, until this year, the hiring was oral. She taught for the school year August 31, 1936, to April 28, 1937, under a verbal contract and her compensation was $100 a month. She holds a normal school certificate and is qualified to teach in the township schools. She has never been charged with immorality, incompetence, intemperance, cruelty, wilful and persistent negligence, mental derangement, persistent and wilful violation of the school laws of this Commonwealth, nor has her eligibility or competency as a teacher been questioned in any other respect. On February 15, 1937, the defendant board sent the following notice to plaintiff: "This is to notify you that Wayne Township School Board will consider your position as teacher vacant at the close of this term. If you wish to

apply for a school here next term please send in a written application before Saturday, April 3d, as we expect to hire teachers at that time." A similar notice was sent to every teacher in the township in accordance with a policy of the board in operation for a number of years previously. Plaintiff did not file an application for a contract but, on the contrary, on April 2, 1937, sent the following letter addressed to the secretary of the board: "I have decided not to apply for a school for the term of 1937-38 but would appreciate any substitute work which Wayne Township might have. Also I would like to thank you personally and the school board collectively for the courteous treatment extended me." This notice was presented to the board at their meeting on April 3, 1937, and because of this notice plaintiff was not reëngaged as a teacher in the township and no contract, either verbal or written, was tendered her. The school board considered plaintiff's letter of April 2, 1937, as her resignation and on April 3, 1937, engaged another teacher to take her place.

Late in June or early in July of this year, after all teachers' positions in the school system had been filled, plaintiff made a verbal request for a contract, and later, on August 18, 1937, made a written demand. Plaintiff reported for service as a teacher on the opening day of the school term and was refused employment.

Though the appointment of various applicants to positions as teachers was made at the meeting of the board on April 3, 1937, written contracts with them were dated May 17, 1937.

## Discussion

The Teachers' Tenure Act of April 6, 1937, supra, changed the status of every employe of the school district in his relation to his employer and also imposed mandatory duties upon the district. None of the provisions of this act may be waived either orally or in writing. By the act, the school district was obliged, within 30 days after

April 6, 1937, to enter into a written contract with every teacher then in its employ, the contract, once entered into under the terms of the act, to continue in force, year after year, unless terminated by a method prescribed by the act.

The controlling fact in this case, therefore, is that on April 6, 1937, the plaintiff was actually an employe of the school district. Since she was then employed, the school district was obliged to tender her a contract within 30 days from April 6, 1937, unless relieved from that obligation by some other provision of the tenure act.

We are unable to find that the school district has been relieved from that obligation. In view of the status of the plaintiff as an employe on the effective date of the tenure act, the action of the board on February 15, 1937, discharging the plaintiff along with all its employes, to take effect at the end of the current school year, was a nullity. So also the fact that on April 2, 1937, she wrote the board that she had decided not to apply for a school for the following year did not change her then status as an employe of the school district and did not relieve the board from tendering her a contract after the passage of the act.

Defendants, notwithstanding, maintain that plaintiff's statement to the board that she did not intend to teach any more was in fact a resignation and that if plaintiff desired a contract under the new law, it was her duty to withdraw her resignation within 30 days from April 6, 1937, and failing that, her resignation became effective under this legislation 60 days after it was lodged with the board. The position is untenable for the reason that the so-called resignation was not, in fact, a resignation at all within the meaning of the tenure act. We might add that it is difficult to conceive how a resignation can be tendered for employment which has not yet been contracted for nor entered into. At most, in view of the action of the board discharging her as of the end of the term, it was but an expressed intention of not applying for a renewal of her

employment. In any event, neither the board nor the plaintiff in this case could supersede the mandate of the legislature. The act does not put any burden of applying for a position upon the employe. The contract had to be tendered to all professional employes in the employ of the board on April 6, 1937. The plaintiff was so employed and therefore we must grant the prayer of the petition.

Now, to wit, November 16, 1937, judgment is directed to be entered in favor of the plaintiff, and a peremptory writ of mandamus is directed to issue directing the defendants to enter into a written contract of employment with plaintiff as of May 6, 1937.